# United States Court of Appeals
# for the Federal Circuit

---

**DELL INC.,**
*Appellant*

v.

**ACCELERON, LLC,**
*Appellee*

---

2017-1101

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2013-00440.

---

Decided: March 19, 2018

---

KEVIN J. MEEK, Baker Botts, LLP, Austin, TX, argued for appellant. Also represented by PAULA D. HEYMAN, JENNIFER LIBRACH NALL.

NORMAN ANDREW CRAIN, Thomas|Horstemeyer LLP, Atlanta, GA, argued for appellee. Also represented by ROBERT GRAVOIS.

---

Before MOORE, REYNA, and TARANTO, *Circuit Judges.*

REYNA, *Circuit Judge.*

Dell Inc. appeals from a remand determination of the Patent Trial and Appeal Board. In the underlying *inter partes* review proceeding, the Board relied on new argument and evidence presented by Dell for the first time at oral argument, without providing Acceleron, LLC, an opportunity to respond. Both Dell and Acceleron appealed, and this court remanded, among other reasons, on grounds that the Board erred when it failed to give Acceleron an opportunity to respond. On remand, the Board declined to consider both Dell's new argument and Acceleron's proposed response. Dell appeals and argues that the Board was required under our remand order and this court's precedent to consider both Dell's new argument and Acceleron's response. We affirm.

BACKGROUND

A. The '021 Patent

This appeal involves a single claim of U.S. Patent No. 6,948,021 ("the '021 patent"), owned by Acceleron. The '021 patent is directed to a computer network appliance containing a number of hot-swappable components that can be removed and replaced without turning off or resetting the computer system as a whole. '021 patent, col. 1, lines 13–16, 26–28. Figure 1 is illustrative:



FIG. 1 ('021 PATENT)

As shown in Figure 1, a computer network appliance 100 disclosed in the '021 patent includes central-processing-unit (CPU) modules 102(a)–(e), a power module 106, a microcontroller module 108, and an ethernet switch module 110 connected to the backplane 104 via hot swap connectors. A chassis 150 encloses backplane 104 and a collection of modules. The chassis may also contain caddies 152 that hold the modules while providing air flow from the front to the rear of the chassis. *Id.* col. 2, lines 5–6; *id.* col. 3, lines 32–34.

Claim 3 is the only claim at issue in this appeal. Claim 3 depends indirectly from claim 1 via claim 2. Claims 1, 2, and 3 read:

1. A computer network appliance, comprising:

a plurality of hot-swappable CPU modules, wherein each CPU module is a stand-alone independently-functioning computer;

a hot-swappable power module;

a hot-swappable ethernet switch module; and

a backplane board having a plurality of hot swap mating connectors, wherein the at least one backplane board interconnects each of the CPU modules with the at least one power module and the at least one ethernet switch module, such that the at least one power module and the at least one ethernet switch module can be used as a shared resource by the plurality of CPU modules.

2. The computer network appliance of claim 1, further comprising a chassis providing physical support for a CPU module, the power module, the ethernet switch module and the backplane board.

3. The computer network appliance of claim 2, wherein the chassis comprises **caddies** providing air flow from the front to the rear of the chassis.

*Id*. col. 9, lines 1–22 (emphasis added).

### B. Proceedings Before the Board

On January 16, 2014, the Board instituted *inter partes* review of the '021 patent based on Dell's petition under 35 U.S.C. § 311 *et seq* (2012).[1] The primary prior art reference relied upon by Dell was U.S. Patent No. 6,757,748 ("Hipp"). Hipp is directed to a high-density server network in which a large number of web server processing cards are installed within a single chassis. Hipp, col. 3, lines 42–56. Figure 11 is illustrative:

---

[1] A more detailed explanation of the grounds for the petition was presented in the previous case. *See Dell Inc. v. Acceleron, LLC*, 818 F.3d 1293, 1296–97 (Fed. Cir. 2016).



As depicted above, an articulating door 262 is located at the front of the server chassis 38 and box fans 264–269 are attached to the articulating door. *Id.* col. 16, lines 11–16. The box fans "draw air from the ambient environment through articulating door 262, and exhaust through a back plate 270 . . . ." *Id.* col. 16, lines 15–17. Dell's petition identified the articulating door 262 as corresponding to the caddies recited in claim 3 of the '021 patent. J.A. 7.

In its Response, Acceleron argued that "the claim recited that the single chassis comprises *multiple* caddies," while Hipp "includes only a *single* articulating door 262." J.A. 11. Dell countered in its Reply that the mounting hardware for the box fans are "caddies," in the sense that they are carriers for the fans and that the "two power supply mounting mechanisms 278" are also considered "caddies." *Id.*

At oral argument before the Board, Dell for the first time argued that "slides," on which power supplies 280 rest, meet the "caddies" requirement of claim 3. J.A. 229. Acceleron made a procedural objection that Dell's argument was not timely raised and that Acceleron should be permitted to present evidence to rebut the new argument.

The Board denied Acceleron's procedural objection. On December 22, 2014, the Board confirmed the validity of claims 14–17 and 34–36 and cancelled claims 1–4, 6–13, 18–20, and 30 as either anticipated or obvious. *Dell Inc. v. Acceleron, LLC*, IPR2013-00440, 2014 WL 7326580, at *14 (P.T.A.B. Dec. 22, 2014). Specifically, the Board found claim 3 to be anticipated by Hipp, relying exclusively on Dell's new argument about the "slides" structure of Hipp. *Id* at *6.

## C. *Dell I* Appeal

Dell appealed to this court, challenging the Board's validity determination of claims 14–17 and 34–36. Acceleron cross-appealed the Board's cancellation of claim 20 and claim 3. With respect to claim 3, Acceleron argued that the Board violated the Administrative Procedure Act ("APA") by not giving it, the patent owner, a fair opportunity to respond to the new "slides" argument that Dell raised at oral argument.

On March 15, 2016, this court affirmed the Board's validity determination of claims 14–17 and 34–36. We vacated the cancellation of claims 3 and 20, and remanded for reconsideration of claims 3 and 20. *Dell Inc. v. Acceleron, LLC* ("*Dell I*"), 818 F.3d 1293, 1301–02 (Fed. Cir. 2016). With respect to claim 3, the court remanded the Board's determination for appropriate proceedings on the ground that "the Board denied Acceleron its procedural rights by relying in its decision on a factual assertion introduced into the proceeding only at oral argument, after Acceleron could meaningfully respond." *Id*. at 1301.

## D. Remand Proceedings Before the Board

On remand, the Board decided not to consider the "slides" argument presented at oral argument or in Dell's Reply because the argument was new and non-responsive to Acceleron's Response. *Dell Inc. v. Acceleron, LLC*, IPR2013-00440, 2016 WL 8944607, at *4 (P.T.A.B. Aug.

22, 2016). Thus, the Board considered Hipp's articulating door as the only structure Dell contended corresponded to the "caddies" recited in claim 3. *Id.* The Board found that claim 3 was not anticipated by Hipp, including, because Hipp's chassis comprises only one articulating door, while the chassis in the '021 patent includes multiple caddies. *Id.* ("[E]ven if only one caddy were sufficient, we are not persuaded that Hipp's articulating door 262 meets that requirement . . . In particular, either the Petition nor the Reply offers any explanations as to why Hipp's box fans 264–269 are modules.").

Dell appeals the Board's decision to disregard its "slides" contention. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A) (2012).

DISCUSSION

We review the Board's final written determinations in accordance with the APA, 5 U.S.C. § 706(2) (2012). *Dickinson v. Zurko*, 527 U.S. 150, 152, 165 (1999). Under the APA, we must "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . [or] without observance of procedure required by law." 5 U.S.C. § 706(2); *In re NuVasive, Inc.*, 841 F.3d 966, 970 (Fed. Cir. 2016). We review the Board's legal conclusions de novo and its factual findings for substantial evidence. *Belden Inc. v. Berk–Tek LLC*, 805 F.3d 1064, 1073 (Fed. Cir. 2015).

The issue before the Board on remand was whether Hipp discloses "caddies" and therefore anticipates claim 3. Dell argues that the Board erred on remand because it should have considered its new "slides" argument and provided Acceleron an opportunity to address the argu-

ment.[2] Dell reasons that the Board's failure to consider the "slides" argument was contrary to this court's precedent and our remand order in *Dell I*. We disagree.

In *Dell I*, we stated:

> The agency must timely inform the patent owner of the matters of fact and law asserted . . . , must provide all interested parties opportunity for the submission and consideration of facts and arguments . . . and hearing and decision on notice, . . . and must allow a party to submit rebuttal evidence as may be required for a full and true disclosure of the facts.

818 F.3d at 1301 (internal citations and quotations omitted). This does not mean, however, that we ordered the Board to consider Dell's new argument and Acceleron's response. Rather, the court set out the requisite procedures that would apply had the Board actually considered Dell's new evidence.

Dell argues that *NuVasive* and *SAS Institute, Inc. v. ComplementSoft, LLC*, 825 F.3d 1341 (Fed. Cir. 2016) support its position because in those cases this court

---

[2] Dell argues that the Board improperly adopted a new construction of the term "caddies" on remand. This argument is unpersuasive. The Board stated that "[t]here is no dispute between the parties as to the construction of the term 'caddy.' Both parties agree that [the] term ['caddy'] means 'a carrier for a module.'" *Dell*, 2016 WL 8944607, at *3. The Board explicitly applied the agreed-upon construction of "caddy" in determining the patentability of claim 3. Even if this court were to find that the Board adopted a different construction, Dell concedes that this different construction of "caddy" would not by itself require another remand because an independent basis exists to affirm the Board's decision. Reply Br. at 1.

required the Board to consider new evidence on remand. Dell draws too broad a lesson from those decisions. In *SAS*, we remanded and directed the Board to provide the parties an opportunity to present evidence and argument about the application of the new, and ultimately correct, claim interpretation that the Board adopted in its final written decision after "chang[ing] theories in midstream" with no notice (neither party disputed the Board's original interpretation of that term in the institution decision). 825 F.3d at 1351–52. The present case involves no such new claim construction. In *NuVasive*, we noted the need for an adequate opportunity to respond if the Board chose to rely on a portion of a prior art reference that was not mentioned as a basis for unpatentability before the patent-owner's response was filed. 841 F.3d at 972. But, we did not require the Board on remand to admit new evidence in response. *Id.* at 975 (noting the Board is not "preclude[d] . . . from considering the import of Michelson's [previously unmentioned] Figure 18 after giving NuVasive a full opportunity to submit additional evidence and arguments on that point").

We disagree that *NuVasive* and *SAS* compelled the Board to consider the new evidence in this instance. We note the PTO guidelines provide that "[n]o new evidence or arguments may be presented at the oral argument." Office Patent Trial Practice Guide, 77 Fed. Reg. 48,756, 48,768 (Aug. 14, 2012). Further, in *Dell I* we relied upon *Ariosa Diagnostics v. Verinata Health, Inc.*, 805 F.3d 1359 (Fed. Cir. 2015), which explicitly held:

> We do not direct the Board to take new evidence, or, even, to accept new briefing. The Board may control its own proceedings, consistent with its governing statues, regulations, and practice. 37 C.F.R. § 42.5(a). Those statutes, regulations, and practices embody expedition-and efficiency-based policies that the Board must consider in determining the scope of the remand proceedings.

*Id.* at 1367. The Board was obligated to dismiss Dell's untimely argument given that the untimely argument in this case was raised for the first time during oral argument. *See, e.g., Wagner v. United States*, 365 F.3d 1358, 1361 (Fed. Cir. 2004) (citing *Service v. Dulles*, 354 U.S. 363, 388 (1957)) ("[A]n agency is bound by its regulations."); *Crediford v. Shulkin*, 877 F.3d 1040, 1047 (Fed. Cir. 2017) (same).

Dell contends that ignoring evidence of unpatentability is against public policy because it will not improve patent quality. We find that under these circumstances, due process and preserving the Board's discretion outweigh any negative effects of not invalidating a patent claim, especially since our decision does not preclude another party from challenging the validity of claim 3 on the same basis.

## CONCLUSION

The Board was not required to consider Dell's new evidence presented during oral argument and did not abuse its discretion by not considering Dell's new evidence on remand. The Board's determination that Hipp does not anticipate claim 3 of the '021 patent was supported by substantial evidence. We therefore affirm.

## **AFFIRMED**

### COSTS

No costs.