# United States Court of Appeals for the Federal Circuit

---

**THE CHAMBERLAIN GROUP, INC.,**
*Appellant*

**v.**

**ONE WORLD TECHNOLOGIES, INC., DBA TECHTRONIC INDUSTRIES POWER EQUIPMENT,**
*Appellee*

---

2018-2112

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2017-00214.

---

Decided: December 17, 2019

---

JOHN A. DRAGSETH, Fish & Richardson P.C., Minneapolis, MN, argued for appellant. Also represented by BENJAMIN ELACQUA, Houston, TX; KATHERINE VIDAL, MATTHEW R. MCCULLOUGH, MICHAEL RUECKHEIM, Winston & Strawn LLP, Menlo Park, CA.

JASON C. WHITE, Morgan, Lewis & Bockius LLP, Chicago, IL, argued for appellee. Also represented by WILLIAM R. PETERSON, Houston, TX; DION MICHAEL BREGMAN, AHREN CHRISTIAN HSU-HOFFMAN, MICHAEL JOHN LYONS,

ALEXANDER STEIN, Palo Alto, CA; JULIE S. GOLDEMBERG, Philadelphia, PA.

―――――――――――

Before DYK, REYNA, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

This is a patent case involving garage door and gate operator systems. The Chamberlain Group, Inc. appeals the final written decision of the Patent Trial and Appeal Board in an *inter partes* review of claims 18–25 of U.S. Patent No. 7,196,611, which found all challenged claims anticipated. *See One World Techs., Inc. v. Chamberlain Group, Inc.*, No. IPR2017-00214 (P.T.A.B. May 15, 2018). Because the Board's anticipation findings are supported by substantial evidence, we affirm.

I

A

Chamberlain owns the '611 patent entitled "Barrier Movement Operator Human Interface Method and Apparatus." The '611 patent is directed to improved methods of human interaction with "barrier movement operators," such as garage door operator systems. '611 patent, col. 1 ll. 6–14. The system includes "a motor for moving a barrier between open and closed positions" and a controller that selectively supplies power to the motor. *Id.* col. 1 ll. 9–12. The controller "includes a programmed microprocessor, [which] responds to user input signals" from a wall control unit and a radio transmitter. *Id.* col. 1 ll. 64–66. The controller also connects "to a plurality of input/output devices" such as a rotary switch and indicator LEDs that "advise a user of the status of particular controller functions." *Id.* col. 2 ll. 41–42, 52–53.

Claims 18–25 of the '611 patent are directed to an "interactive learn mode" that "guide[s] a user through installation and learn mode actions." *Id.* col. 4 ll. 13–14. During

the learn mode, the controller "determines the user activities or steps needed during the learn process" and guides the user through those steps by flashing the indicator LEDs. *Id.* col 4 ll. 17–19.

The '611 specification describes the example of using the learn mode to set the garage door operator's "max run timer." *Id.* col. 4 l. 45. The max run timer is the amount of time for the door to move between its open and closed limits, plus five to ten seconds. The system uses the timer to determine whether the door has been moving for too long without reaching its final open or closed position.

The '611 patent teaches the following steps for setting the max run timer during the learn mode. First, the user presses a button on the controller to enter learn mode. Next, the controller identifies the proper beginning status for the door and the steps the user must complete to set the timer. Finally, the controller guides the user through the identified steps by flashing the appropriate indicator LED for each step. For example, if the step requires the user to open the door, the controller will flash the open limit LED. Once the user completes all the steps, the controller counts the time for the door to travel from its closed limit to its open limit, adds five to ten seconds, and records that value as the max run timer.

Independent claim 18, reproduced below, is illustrative of the challenged claims:

> 18. A method of assisting in the installation and maintenance of a barrier movement operator including a controller, comprising:
>
> > activating a learn mode activity of the controller of the barrier movement operator which learning mode requires pre-determined activities by a user;

> first identifying by the controller the present status of the barrier movement operator;
>
> second identifying by the controller, the activities to be completed by a user of the barrier movement operator; and
>
> responsive to the first and second identifying steps transmitting guidance signals to an annunciating unit for guidance of the user.

'611 patent, col. 6 ll. 25–38.

## B

One World Technologies, Inc. petitioned for IPR of claims 18–25 of the '611 patent. One World's petition asserted that claims 18–25 are anticipated under 35 U.S.C. § 102(b) by U.S. Patent No. 4,638,433 (Schindler), and that claims 23 and 24 are obvious under 35 U.S.C. § 103(a) over the combination of Schindler and an owner's manual for an industrial duty door operator (LiftMaster).[1] The Board instituted review on all challenged claims on both asserted grounds.

Schindler is a U.S. Patent directed to a garage door operator system. It teaches a mode that allows the user to program the upper and lower limits for the garage door's movement. In this mode, Schindler's controller flashes an indicator LED to communicate which limit is being programmed to the user. Depending on which LED flashes, the user must press and hold the corresponding switch— "door open" for the upper limit or "door close" for the lower limit—until the door reaches its limit position. To set the

---

[1] Chamberlain only challenges the Board's findings on the teachings of Schindler, so we need not address the Board's findings or analysis of LiftMaster.

second limit, the user must press a control switch button. The controller then flashes the appropriate indicator LED for the remaining limit, instructing the user to press and hold the corresponding switch until the door reaches its limit position. Finally, the controller stores the door's maximum upper and minimum lower positions as the upper and lower limits.

One World's petition argued that Schindler's program mode teaches every limitation of claims 18–25 of the '611 patent. It argued that claim 18's second identifying step, that the controller identify "activities to be completed by a user," '611 patent, col. 6 ll. 33–34, should be construed to mean "the controller establishing which of the pre-determined activities a user must complete," J.A. 86. The petition relied on Schindler's disclosure that the controller determines which limit is being programmed during the program mode to teach that limitation.

In its patent owner response, Chamberlain argued that the second identifying step should be construed to require identifying multiple activities. According to Chamberlain, "Schindler clearly establishes that its controller identifies a single activity; it either sets the 'up' limit, or it sets the 'down' limit." J.A. 1200 (emphasis omitted).

One World's reply asserted that "Schindler unambiguously teaches that multiple limit-setting activities are completed by a user during the program/ learn mode." J.A. 1467–68. It claimed that "when Schindler's controller makes a decision as to whether a user should start setting an up limit or a down limit, it necessarily identifies multiple activities." J.A. 1471–72. One World also argued that claim 18 lacks any timing limitation and does not require identifying multiple activities at the same time.

The Board held an oral hearing on January 18, 2018. At that hearing, Chamberlain argued for the first time that Schindler fails to anticipate claim 18's final step—transmitting guidance "responsive to the first and second

identifying steps." '611 patent, col. 6 l. 36. Chamberlain explained that the "responsive step is responsive to the entirety of the second identifying step having been performed." J.A. 1975. Thus, Chamberlain asserted that claim 18 requires identifying multiple activities before transmitting *any* guidance "responsive to" the identification step. According to Chamberlain, Schindler only identifies a single activity before transmitting a guidance signal for that single activity.

## C

The Board issued a final written decision finding claims 18–25 anticipated by Schindler.[2] The Board agreed with Chamberlain on claim construction, finding that "claim 18 requires identifying at least two 'pre-determined activities' and claim 21 requires determining at least two 'actions.'" J.A. 11.[3] But the Board rejected Chamberlain's argument that Schindler only identifies a single activity. It noted that "the user sets both the up limit *and* sets the down limit" during Schindler's learn mode, and it found

---

[2]    The Board also found that claims 23 and 24 are obvious over the combination of Schindler and LiftMaster. Because we affirm the Board's anticipation findings, we need not address its obviousness findings.

[3]    Chamberlain's opening brief only addresses the Board's analysis and findings for claim 18, arguing that "the Board centered all its analysis on claim 18, so a reversal of the anticipation finding for claim 18 means reversal for all other claims." Appellant's Br. 10. One World counters that independent claim 21 and its dependent claims 22–25 are distinct from claim 18, noting that the "responsive to" language is absent from those claims. Appellee's Br. 30–31. One World asserts that Chamberlain waived any challenge to the Board's findings on claims 21–25. Because we affirm the Board's anticipation findings on claim 18, we need not decide that issue here.

that Schindler's "microprocessor identifies each of these as activities to be completed by the user." J.A. 23. The Board explained that Chamberlain's argument relied on the timing of Schindler's steps "because the user in Schindler sets each limit in sequence, rather than together at the same time . . . ." *Id.* Because no "language in this limitation or the rest of the claim . . . requires the activities to be identified together or at the same time," the Board found this "single activity" argument unpersuasive. J.A. 24.

The Board also rejected Chamberlain's argument that Schindler fails to teach the "responsive to" step of claim 18. First, it found that Chamberlain waived this argument by raising it for the first time at the oral hearing. The Board also found the "responsive to" argument unpersuasive on its merits. It reemphasized that "there is no timing requirement in the claim as to when each of the multiple activities needs to be identified." J.A. 25. Thus, the Board concluded that "Schindler's disclosure of transmitting the signals in sequence, one after the other in response to the previously-completed steps of identifying the garage door operator's present status and activities to be completed" teaches claim 18's "responsive to" step. J.A. 26.

Chamberlain now appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## II

We review the Board's ultimate claim construction de novo and any underlying factual determinations involving extrinsic evidence for substantial evidence. *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1280 (Fed. Cir. 2015). Anticipation is a question of fact, and we review the Board's findings thereon for substantial evidence. *Kennametal, Inc. v. Ingersoll Cutting Tool Co.*, 780 F.3d 1376, 1381 (Fed. Cir. 2015). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938).

We review the Board's application of its own procedural rules for abuse of discretion. *Ultratec, Inc. v. CaptionCall, LLC*, 872 F.3d 1267, 1271–72 (Fed. Cir. 2017); *see also Intelligent Bio-Sys., Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1369–70 (Fed. Cir. 2016). "The Board abuses its discretion if the decision: (1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly erroneous fact findings; or (4) involves a record that contains no evidence on which the Board could rationally base its decision." *Ultratec, Inc.*, 872 F.3d at 1272.

A

We first address the Board's finding that it need not consider Chamberlain's "responsive to" argument because Chamberlain raised it for the first time at the oral hearing. Chamberlain argues the Board's waiver finding was erroneous because (1) its "responsive to" argument responded to new arguments made in One World's reply; and (2) its "responsive to" argument was consistent with its position throughout the IPR and was merely a clarification. We agree with Chamberlain that the Board erred in finding waiver here, but we do not agree that the Board's error requires vacatur of its anticipation findings.

Chamberlain only relied on the "responsive to" step at the oral hearing to respond to arguments first raised in One World's reply. In its petition, One World argued that claim 18's second identifying step requires "establishing which of the pre-determined activities a user must complete." J.A. 86 (emphasis omitted). Chamberlain's response argued that One World's construction suggested that the controller need only identify a single activity, while the claims require multiple activities. One World maintained its claim construction position in its reply, and it also responded to Chamberlain's criticisms by arguing for the first time that Schindler's controller identifies multiple activities. One World also argued that claim 18 lacks

any timing limitation, so Schindler's process of identifying multiple activities and transmitting guidance sequentially, rather than simultaneously, anticipates claim 18.

At the oral hearing, Chamberlain explained that its arguments regarding the "responsive to" step were clarifications of earlier arguments it raised. *See* J.A. 1992 (counsel for Chamberlain explaining that "there was[,] we believe[,] a late arising argument by opposing counsel that solicited the need to get to this clarification" about the "responsive to" step). Chamberlain clarified that in its view, claim 18 requires not only identifying multiple activities, but identifying multiple activities before transmitting *any* guidance "responsive to" the identification step. That argument directly responded to One World's position in its reply that Schindler identifies multiple activities, and that the timing of the identification is immaterial. We agree with Chamberlain that waiver is inappropriate in this situation, as Chamberlain was merely clarifying its earlier position, not raising a new issue.

"'A patent owner in [Chamberlain's] position is undoubtedly entitled to notice of and a fair opportunity to meet the grounds of rejection,' based on due-process and APA guarantees." *In re NuVasive, Inc.*, 841 F.3d 966, 971 (Fed. Cir. 2016) (quoting *Belden Inc. v. Berk-Tek LLC*, 805 F.3d 1064, 1080 (Fed. Cir. 2015)). When a petitioner raises new arguments (in the sense of new issues) in its petitioner's reply,[4] the patent owner is entitled to an opportunity to respond to those arguments. But here, Chamberlain did not raise a new issue at the oral hearing in response to One World's reply. It merely clarified its

---

[4] Chamberlain argued before the Board that the arguments in One World's reply exceeded the proper scope of a reply under 37 C.F.R. § 42.23(b). Chamberlain does not raise that challenge on appeal, however, so we need not decide it here.

previous position. Thus, we conclude that the Board erred in finding Chamberlain waived its "responsive to" argument.

PTO guidelines provide that "[n]o new evidence or arguments may be presented at the oral argument." Office Patent Trial Practice Guide, 77 Fed. Reg. 48,756, 48,768 (Aug. 14, 2012). We understand the reference to "arguments" to refer to new issues. Parties are not barred from elaborating on their arguments on issues previously raised. *Interactive Gift Express, Inc. v. CompuServe Inc.*, 256 F.3d 1323, 1347 (Fed. Cir. 2001). We do not believe Chamberlain introduced new issues or evidence here. Chamberlain's arguments at the oral hearing were responsive to One World's reply and tracked the arguments in its response. Throughout the IPR, Chamberlain maintained that Schindler fails to anticipate because it does not identify multiple activities in the manner required by claim 18. Chamberlain did not introduce new evidence at the oral hearing; it merely pointed to different portions of the claim language to clarify its claim construction position. Thus, Chamberlain's reliance on the "responsive to" language was not a new argument for patentability, but a clarification of its prior position in response to the arguments raised in One World's reply.

This case is distinguishable from *Dell Inc. v. Acceleron, LLC*, where we noted that "the Board was obligated to dismiss Dell's untimely argument . . . raised for the first time during oral argument." 884 F.3d 1364, 1369 (Fed. Cir. 2018). There, the petitioner, Dell, relying on new evidence, raised a new argument for unpatentability based on a broader claim construction for the first time at the oral hearing. *Id.* at 1367. We vacated the Board's decision that relied on those new arguments without providing the patent owner an opportunity to respond. *Id.* at 1368. On remand, the Board declined to consider Dell's new arguments rather than provide the patent owner with an opportunity to respond. *Id.* Dell appealed that decision, and we

affirmed. *Id.* at 1369. *Dell* is quite unlike this case—the new argument was essentially a new issue.

## B

We now address the Board's finding that Schindler anticipates claim 18 of the '611 patent, even considering Chamberlain's "responsive to" argument. We conclude that the Board's finding is supported by substantial evidence.

We agree with the Board that nothing in claim 18 "requires the activities to be identified together or at the same time." J.A. 24. Chamberlain's own expert, Dr. Davis, testified that claim 18 "requires identifying multiple activities by the controller and is silent on any timing requirement." J.A. 1619. Given the absence of any timing limitation, the Board reasonably found that "Schindler's disclosure of transmitting the signals in sequence, one after the other in response to the previously-completed steps of identifying the garage door operator's present status and activities to be completed" teaches the "responsive to" step. J.A. 26. Thus, the Board's finding that Schindler anticipates claim 18 of the '611 patent is supported by substantial evidence, so we affirm.

## III

We have considered the parties' remaining arguments and find them unpersuasive. We conclude that the Board erred in finding that Chamberlain waived its "responsive to" argument by raising it for the first time at the oral hearing. But we agree with the Board that Chamberlain's "responsive to" argument is unpersuasive on its merits. We thus conclude that the Board's finding that Schindler anticipates claim 18 of the '611 patent is supported by substantial evidence. For that reason, we affirm.

**AFFIRMED**